**KAPCO MFG. CO., INC.,
Plaintiff-Appellant,**

v.

**C & O ENTERPRISES, INC., et al.,
Defendants-Appellees.**

**No. 85–1926.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 4, 1985.

Decided Sept. 12, 1985.

As Corrected Oct. 4, 1985.

Eugene F. Friedman, Eugene F. Friedman, Ltd., Bruce W. Craig, Chicago, Ill., for plaintiff-appellant.

Jesse S. Holland, Holland & Holland, Marvin A. Tenenbaum, M. Marshall Seeder, Alexander, Unikel, Bloom, Zalewa & Tenenbaum, Ltd., Lloyd E. Doran, Fred, Sudak & Assoc., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

This trademark case was filed in late 1984 and settled shortly thereafter. The settlement agreement is contained in a series of oral undertakings before Judge Rovner, who dismissed the case on the basis of these undertakings but retained jurisdiction to enforce the settlement.

Kapco Mfg. Co. returned to court a few months later, complaining that the defendants had not honored the settlement. Kapco requested the court to put the settlement aside and restore the case to the docket as a pending matter. On March 29, 1985, 605 F.Supp. 253, Judge Bua, handling the case in Judge Rovner's absence, entered an order refusing to reinstate the case fully but directing the parties to reduce the settlement to writing and submit a consent judgment. The order stated that if the parties do not do this, the court "will enter an appropriate order." The court allowed the parties to engage in discovery concerning their adherence to the settlement. Judge Bua also required Kapco to

submit a motion for summary judgment on damages.

Thirty-four days later Kapco requested the court to reconsider this order. Judge Rovner denied this request the day it was filed. Thirty days after that Kapco filed a notice of appeal. Meanwhile both parties continue to file motions in the district court. Motions for discovery relating to the settlement and for disqualification of counsel are pending there.

▮ We dismiss the appeal for want of jurisdiction. The order of March 29, 1985, is interlocutory. It is a procedural step on the way to a final judgment. It invites further action (the creation of a formal settlement, discovery, and proceedings concerning damages). Under *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966), such intermediate steps may not be appealed. Even though Kapco asked for an injunction to be issued while the case proceeded to trial, Judge Bua's order does not deny the request for equitable relief. It simply puts off until after the parties reach (or fail to reach) a formal agreement the question what relief should issue. Still another order, this one dated May 31, 1985, states that "[i]f the parties are unable to resolve this $1,648 dispute within 30 days, either party may petition the Court for an evidentiary hearing." The case is very much alive.

Orders postponing decision, as opposed to denying the request, ordinarily are not appealable even when the postponement defers the day on which injunctive relief may be entered. See *Switzerland Cheese, supra; Donovan v. Robbins*, 752 F.2d 1170, 1172–73 (7th Cir.1985). What happened in this case is no different from a short stay of proceedings pending some intervening step such as discovery. Cf. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (stay of judicial proceedings is appealable only if it dooms the litigation); *Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981); *Donovan, supra*, 752 F.2d at 1174 (an appeal from an order deferring, as opposed to denying, injunctive relief is permissible only if the deferral causes irreparable harm).

Kapco argues that it may appeal the denial of its motion to set aside the order of March 29. It characterizes this as a motion under Fed.R.Civ.P. 60(b), which, it says, may be appealed as a final order. See *Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225 (7th Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983). The defendants agree that if it was a Rule 60(b) motion the disposition was a final decision, but they argue that the motion "really" was one to alter or amend the judgment under Fed.R.Civ.P. 59(e) and hence was untimely—which would make the whole appeal untimely. We conclude that neither side has this exactly right.

▮ The denial of a motion under Rule 60(b) is a final and appealable order, and this could be so in rare cases even when the underlying order is interlocutory. For example, an order remanding a case to an administrative agency for reconsideration almost always is interlocutory. *In re Riggsby*, 745 F.2d 1153, 1156 (7th Cir.1984). But suppose that while the case was pending before the administrative agency a party filed with the court a Rule 60(b) motion contending that the remand had been procured by fraud on the court. The denial of this motion would dispose, finally, of the charge of fraud and wrap up all matters pending on the docket. The decision therefore would be final. The denial of the Rule 60(b) order would not bring up the propriety of the original decision; we could review only the propriety of the decision that there had been no fraud. But the fact that the underlying order of remand was not itself final would not prevent the decision on the Rule 60(b) motion from being final.

▮ The assumption of this example is that the district court has disposed of everything before it, and the denial of relief under Rule 60(b) therefore leaves nothing unsettled. The Rule applies only to a "final judgment, order, or proceeding...."

It is a method of reopening a closed case. See 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.20 (1983); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 366 (7th Cir.1983) (dictum). The Advisory Committee's notes say that the Rule was devised to give the district court a power of revisitation it had lacked. A court always had the power to modify earlier orders in a pending case. Therefore "final" in Rule 60(b) must modify "order, or proceeding" as well as "judgment." Otherwise the Rule creates a power of modification redundant with the ordinary power to conduct pending proceedings and rethink earlier orders.

■ A moment's thought shows why Rule 60(b) must be limited to review of orders that are independently "final decisions" under 28 U.S.C. § 1291. A party should not get immediate review of an order for discovery, or one denying summary judgment and setting the case for trial, just by filing a Rule 60(b) motion to set aside the order and then appealing the denial of this motion. Yet that is essentially what Kapco tried to do here—what it might be able to do if the Rule applied.

■ The order of March 29 is an interim order in what may prove to be extended litigation. It is therefore not the sort of order for which relief under Rule 60(b) may be sought. The motion to alter the order of March 29 is just another intermediate step, too, and the denial of the motion is interlocutory. Although the appeal from the denial is timely, the denial is itself interlocutory. There is no final decision here within the meaning of 28 U.S.C. § 1291, and the appeal is dismissed.