Felix UITHOVEN, Plaintiff–Appellant,

v.

U.S. ARMY CORPS OF ENGINEERS, Defendant–Appellee.

No. 88–4808

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 2, 1989.

William L. Bambach, Columbus, Miss., for plaintiff-appellant.

Wm. M. Dye, Jr., Asst. U.S. Atty., Robert O. Whitwell, U.S. Atty., Oxford, Miss., for defendant-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

For the third time Felix Uithoven brings to this court his challenge to the 1978 condemnation of certain land in Mississippi by the United States Army Corps of Engineers. The district court found the action, Uithoven's fourth in that court, frivolous, and dismissed the cause with prejudice. Uithoven's appeal interrupted consideration of sanctions under Rule 11 of the Federal Rules of Civil Procedure. We affirm the dismissal, find sanctions in order for this appeal, and remand to the district court for the assessment of appellate sanctions as it considers sanctions at the trial court level.

## Background

In February 1978 the Corps of Engineers sought the condemnation of various properties in Clay County, Mississippi, including that owned by Uithoven, as part of the Tennessee–Tombigbee Waterway Project. The district court rejected all defenses, leaving just compensation as the only issue. On appeal we held that, although the National Historic Preservation Act, 16 U.S.C. § 470 *et seq.*, is not a defense to a taking under the Declaration of Taking Act, 40 U.S.C. § 258a, parties may have standing to enforce compliance with the National Historic Preservation Act. *United States v. 162.20 Acres of Land, More or Less*, 639 F.2d 299 (5th Cir.), *reh'g denied*, 644 F.2d 34 (5th Cir.), *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981).

On remand the district court determined that the Corps of Engineers had complied with both the National Historic Preservation Act and the National Environmental Policy Act, 42 U.S.C. § 4332. Uithoven again appealed. We affirmed. *United States v. 162.20 Acres of Land, More or Less*, 733 F.2d 377 (5th Cir.1984), *cert. denied*, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 920 (1985).

Undaunted, Uithoven again challenged the taking in a pleading filed by his attorney, William L. Bambach. In this third pleading, Uithoven contended that the Corps of Engineers had sought condemnation of his land in violation of Mississippi law, and he sought in excess of a half million dollars in compensatory damages and litigation expenses, plus five million dollars in punitive damages. The government alternatively moved for a dismissal of the complaint or for summary judgment on the grounds, *inter alia*, of a failure to state a claim upon which relief could be granted, waiver of defenses to condemnation not earlier pleaded pursuant to Fed.R.

Civ.P. 71A(e), *res judicata*, sovereign immunity, statute of limitations, and failure to exhaust administrative remedies. The government also sought sanctions under Fed.R.Civ.P. 11.

In response, on November 1, 1985 Uithoven moved to dismiss his complaint with prejudice, attaching to the motion an affidavit of his attorney of record which contained the following pertinent attestations:

> I have informed Mr. Uithoven that it would be futile for us to continue to pursue this case with any hopes of winning and Mr. Uithoven has agreed with me that this case should be dismissed with prejudice.

> Mr. Uithoven has futher [sic] agreed that he will not pursue any additional action on this case in Court at any time in the future and that he understands fully now that his case against the United States Army Corps of Engineers must rest and my client will not conduct any further legal avenues of approach against the United States Army Corps of Engineers or any of the other parties Defendant regarding this matter at any time in the future.

> That it is my understanding that the United States Attorney's Office will not pursue any sanctions at this time against Mr. Uithoven or his Counsel based upon our submission of a Motion to Dismiss the lawsuit with prejudice.

The government responded that it would agree to the dismissal and not seek sanctions only if the record "showed affirmatively that [Uithoven] was advised and personally agreed that the litigation brought by [him] against the ... Corps of Engineers ... concerning the condemnation of said land would cease and would not be brought again." The conditions were satisfied and the district court dismissed Uithoven's complaint with prejudice.

The respite was short-lived. On January 19, 1987 Uithoven again hitched a team to the litigation wagon, filing an administrative claim for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Uithoven advanced a new theory—the Corps of Engineers had taken his land by fraudulent means, by telling him that he need not object at a public hearing because his land would later be excluded from the taking. This claim was denied because it was submitted beyond the two-year period of limitations, 28 U.S.C. § 2401(b).

With this administrative denial in hand, Uithoven made a *pro se* filing of a complaint, a complaint which was attested before William L. Bambach in his capacity as a Notary Public. The government answered and then filed an alternative motion to dismiss or for summary judgment, again asserting the various bases set forth in its earlier motion and adding as a grounds for dismissal the earlier dismissal with prejudice. At this point, Bambach filed a Notice of Appearance, advising the court that he was "familiar with the background of the instant case and has entered into the case at this time solely to protect whatever rights and privileges [Uithoven] may have."

The district court dismissed the action with prejudice and initiated Rule 11 sanction proceedings. Before these proceedings could be conducted this appeal was noticed.

### Analysis

On appeal Uithoven contends that the district court erred by dismissing his suit as frivolous and by invoking Rule 11. We do not agree.

The comments to the 1983 amendments to Rule 11 underscore that the standard of conduct imposed "is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation." Fed.R. Civ.P. 11 advisory committee's note. The comments continue with the warning that a district court's decision to impose sanctions may turn on "whether the pleading, motion, or other paper was based on a *plausible view of the law.*" Fed.R.Civ.P. 11 advisory committee's note (emphasis added). *See Davis v. Veslan Enterprises,* 765 F.2d 494 (5th Cir.1985). We review the district court's finding under the abuse of discretion standard. *Willy v. Coastal Corp.,* 855 F.2d 1160 (5th Cir.1988); *Thom-*

as v. Capital Security Services, Inc., 836 F.2d 866 (5th Cir.1988) (en banc).

Even a cursory examination of the law by Uithoven or his counsel would have reflected that this repeat litigation has no valid legal basis. A mere summary review would have disclosed that the articulated claim, real or imagined, was barred by *res judicata,* in addition to the time-bar administratively enforced. *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556 (5th Cir. 1983) (en banc); *Stevenson v. Int'l Paper Co., Mobile, Alabama,* 516 F.2d 103 (5th Cir.1975). As we pointedly noted in *Nilsen,* the concept of *res judicata,* as applied in federal court, "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated." 701 F.2d at 560.

As Uithoven's complaint acknowledges, the condemnation proceedings were filed in 1978. He has fought the condemnation without success in the intervening decade. The present contention that he only recently discovered the alleged misrepresentations by the Corps of Engineers that they would exclude his property from the condemnation proceedings is factually baseless. Assuming that the alleged misrepresentations were made at the time of the public hearing, the condemnation proceedings commenced shortly thereafter and Uithoven's property was not excluded. Uithoven vigorously protested the taking, yet nearly a decade passed before he complained of the alleged misrepresentations. We agree with the district court that Uithoven's complaint is frivolous. It has no basis in fact. Even if it were not factually baseless, his complaint would be barred by *res judicata* and by limitations. The complaint has no arguable basis in law.

We find this appeal frivolous and assess double costs. Fed.R.App.P. 38. In addition we assess damages in the form of attorney's fees incurred by appellee on appeal, the amount of which is to be determined on remand as the district court considers sanctions for the actions before it. The district court should also determine whether the sanctions are to be assessed solely against Uithoven or against Uithoven and his counsel.

AFFIRMED and REMANDED with instructions.