948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jesse M. HATCH, Plaintiff-Appellant,
v.
Merle D. ROBINSON, et al., Defendants-Appellees.
 No. 90-2935.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Jesse Hatch filed this suit under 42 U.S.C. § 1983 after prison officials removed him from his post as a clerk at a prison in Illinois. Wallace v. Robinson, 940 F.2d 243 (7th Cir.1991) (in banc), creates a steep hurdle to success on the merits of such a claim. Decision on the merits never came, however, because Hatch repeatedly missed filing deadlines, and on February 28, 1989, the district judge dismissed the complaint for want of prosecution.
 
 
 2
 Hatch moved for reconsideration. The district court told him to answer the defendants' motion for summary judgment, stating: "In the event such memorandum is filed on or by May 12, 1989 this case will be reinstated. In the event such memorandum is not filed the case will be dismissed with prejudice." The threat that "the case will be dismissed" is hollow when it has already been dismissed. In the event, Hatch did not file his response, and the case was not reactivated. The district court did not, however, make good its threat; it entered no further document.
 
 
 3
 On April 9, 1990, Hatch filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). The district court denied this motion, and properly so. Hatch had no persuasive reason for the delay. And even by April 1990 Hatch had not supplied the response to the defendants' motion. As we observed in Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir.1986), it is "sound practice to insist, as a condition of reinstating a case under Rule 60(b), that the defaulting party cure all defaults still within his power to cure. ... It would take an extraordinary set of facts--one we cannot now imagine--to make a case of 'abuse of discretion' in failing to restore to the docket a case in which the defaulting party is still in default at the time the district judge rules on the motion to vacate." Hatch was still in default in April 1990, so denial of the motion was hardly an abuse.
 
 
 4
 Actually, the only seriously contested issue is whether the district court even had jurisdiction to act. No Rule 60(b) motion may be filed until a case becomes final. Kapco Mfg. Co. v. C & O Enterprises, Inc., 773 F.2d 151 (7th Cir.1985). The court's failure to enter any order after the May 12, 1989, deadline expired puts the finality of its decision in doubt. It is best, however, to understand the case as finally dismissed on February 28, 1989. Hatch sought to have it reinstated, and the condition of favorable action was the filing of a memorandum by May 12. When the memorandum did not appear, the possibility of reinstatement lapsed, leaving the final decision of February 28 in effect. Hatch did not take a timely appeal, so the case was over, and a Rule 60(b) motion became an option. We have jurisdiction to hear the appeal from the denial of this motion. For reasons we have made clear there was no abuse of discretion in the denial.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record