952 F.2d 403
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George ASSER, Plaintiff-Appellant,
v.
Daniel O. CORRIGAN, Judge, Cuyahoga County Common Pleas
Court; Patricia A. Cleary, Judge, Cuyahoga County
Common Pleas Court; Defendants-Appellees,
Arthur P. Lambros, et al., Defendants.
 No. 91-3890.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1992.
 
 BEFORE: BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals an order denying relief from an interlocutory order in this civil rights case. He now moves for an injunction pending disposition of his appeal pursuant to Rule 8, Fed.R.App.P. The defendants have not responded.
 
 
 2
 Before ruling on the motion for an injunction, the court must consider, sua sponte, whether appellate jurisdiction is invoked in this appeal. See Scarbrough v. Perez, 870 F.2d 1079, 1081-82 (6th Cir.1989); Beard v. Carrollton R.R., 893 F.2d 117, 120 (6th Cir.1989). The plaintiff is appealing an order of the district court denying relief from a March 22, 1991, order dismissing two of the defendants on grounds of immunity. To be appealable, the order must qualify as either a final judgment under 28 U.S.C. § 1291, or an interlocutory order denying an injunction under § 1291(a)(1). See Gillis v. United States Department of Health and Human Services, 759 F.2d 565 (6th Cir.1985).
 
 
 3
 The plaintiff filed his motion for relief pursuant to Rule 60(b), Fed.R.Civ.P. However, Rule 60(b) is limited to review of orders that are independently "final decisions" under 28 U.S.C. § 1291. Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc., 773 F.2d 151, 154 (7th Cir.1985). The March 22 order was not a final decision and the denial of relief from that order is not appealable under § 1291.
 
 
 4
 Nor has the plaintiff been denied injunctive relief which would entitle him to immediate appeal as of right pursuant to 28 U.S.C. § 1292(a)(1). In his motion for relief, the plaintiff did not specifically seek an injunction. Nor did he present any changed circumstances which would now entitle him to injunctive relief. The plaintiff's motion for relief from the March 22 order was the functional equivalent of a motion to reconsider and is not immediately appealable under § 1292(a)(1).
 
 
 5
 It is therefore ORDERED that this appeal is dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Local Rules of the Sixth Circuit. The plaintiff's motion for an injunction is, accordingly, rendered moot.