966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of CONTINENTAL STEEL CORPORATION.
Appeal of Lewis R. ANDERSON, I.D. Breeden, SR., Phil Kauble, et. al.
 No. 91-1416.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.*
Decided June 4, 1992.
Order on Denial of Rehearing En Banc Sept. 28, 1992.
 
 Before CUMMINGS, and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Lewis Anderson, I.D. Breeden, Phil Kauble, and Wade Kauble ("the appellants") appeal the district court's denial of their motion to vacate judgment. Fed.R.Civ.P. 60(b). We affirm.
 
 I.
 
 2
 The appellants originally filed this action in an Indiana court demanding an accounting from the law firm of Bamberger & Feibleman (Bamberger). They later sought removal to a federal bankruptcy court pursuant to 28 U.S.C. § 1452. The bankruptcy judge recommended dismissal for procedural and jurisdictional reasons.
 
 
 3
 After the Bankruptcy Court's recommendation, the appellants filed a Report to the district court asking it to rule on their claim. The district court adopted the opinion of the bankruptcy court and dismissed the appellants' complaint "with prejudice."
 
 
 4
 Thirty days after the final judgment, Bamberger & Feibleman ("Bamberger") moved for Rule 11 sanctions in the Bankruptcy Court[1]. Fed.R.Civ.P. 11. Bamberger's motion is still pending.
 
 
 5
 At the time of dismissal, another matter was also before the district court. The appellants had filed a "Verified Report to the Court of Egregious Attorney Misconduct" ("the misconduct report") alleging that Bamberger falsified information in a state court pleading. The misconduct report never claimed that the attorney's wrongdoing affected the outcome of the case; it only asked the district court to refer Bamberger to disciplinary authorities pursuant to Rule V of Southern District's Rules of Disciplinary Conduct.[2]
 
 
 6
 The appellants later filed a motion under Fed.R.Civ.P. 60(b) seeking to vacate the court's dismissal based on fraud and newly discovered evidence. The motion alleged that the judge's neglect of the misconduct report constituted fraud and that Bamberger's motion for Rule 11 sanctions was "new found evidence" of attorney misconduct. The district court denied the motion, and the appellants appealed.
 
 II.
 
 7
 Rule 60(b) of the Federal Rules of Civil Procedure allows a district court to vacate a judgment against a party who shows exceptional circumstances such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. Fed.R.Civ.P. 60(b); Reinsurance Co. of America v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990). Because the denial of a Rule 60(b) motion rests in the discretion of the district court, we will only reverse if "no reasonable person could agree" with the court. Id.
 
 
 8
 The appellants first argue that the district court acted fraudulently by refusing to refer the misconduct report. Their argument misconstrues the nature of Rule 60(b) relief. Rule 60(b) does not allow courts to vacate judgments to remedy errors in tangentially related matters; allegations in support of a Rule 60(b) motion must be relevant "to the legal issues upon which the case turned." Simons v. Grosuch, 715 F.2d 1248, 1253 (7th Cir.1983). The appellants, however, never explain why the refusal to refer a disciplinary matter calls the district court's judgment into question. The claims that Bamberger falsified information in a state court proceeding are unrelated to the court's jurisdictional basis of dismissal.
 
 
 9
 The appellants also claim that Bamberger ignored the final judgment by moving for Rule 11 sanctions thirty days after the court dismissed with prejudice. See Fed.R.Civ.P. 11. They argue that this untimely and improper request constitutes newly discovered evidence of attorney misconduct. Fed.R.Civ.P. 60(b)(2) & (3).
 
 
 10
 We disagree. A Rule 11 hearing is an "independent proceeding supplemental to the original proceeding and not a request for modification of the original decree." Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2455 (1990). Because Rule 11 proceedings are independent, a party may request sanctions after dismissal of the underlying case, Willy v. Coastal Corp., 117 L.Ed. 280 (1992); Cooter, 110 S.Ct. at 2455, even if the dismissal was "with prejudice" or for lack of jurisdiction. Willy, 117 L.Ed. 280; Automatic Liquid Packaging Inc. v. Dominik, 909 F.2d 1001 (7th Cir.1990); Uithoven v. U.S. Army Corps of Engineers, 884 F.2d 844 (5th Cir.1989); see also White v. New Hampshire Dept. of Employment Secur., 455 U.S. 445, 450 (1982) (Rule 11 motions need not be brought within the ten day time limit of Fed.R.Civ.P. 59(e)).
 
 
 11
 Because a motion for Rule 11 relief after judgment is an appropriate course of action which does not affect the validity of the final judgment, Bamberger's request for sanctions does not constitute newly discovered evidence. Newly discovered evidence only warrants Rule 60(b) relief if it is likely to change the result of the case. Wildman v. Harris Trust & Savs. Bank, 859 F.2d 553, 558 (7th Cir.1988).
 
 
 12
 We, therefore, find that the court properly exercised its discretion by denying the appellants' 60(b) motion.
 
 III.
 
 13
 As a final matter, Bamberger requests sanctions under Fed.R.App.P. 38. We award Rule 38 sanctions if: (1) the appeal is frivolous and (2) sanctions are appropriate. A-Abart Elec. Supply, Inc. v. Emerson Elec. Co., 1992 U.S.App. LEXIS 2760, * 21 (7th Cir. Feb. 27, 1992).
 
 
 14
 This appeal meets the frivolity requirement because the "result is foreordained by the lack of substance to the appellant[s'] arguments." Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989). As discussed earlier, the appellants' two contentions are completely meritless given the standards established in the text of Rule 60(b) and in our caselaw. Neither claim raises any questions about the validity or fairness of the final judgment.
 
 
 15
 Sanctions are also appropriate because the appellants pursued this appeal "with no reasonable expectations of altering the district court's judgment." A-Abart, 1992 U.S.App. LEXIS at * 24. The appellants' brief provides absolutely no basis for reversal. It only cites four cases which vaguely support the appellants' position, while ignoring a plethora of contrary authority. We must assume that, had the appellants considered this authority, they would have realized they had no prospect of meeting the abuse of discretion standard.
 
 
 16
 We, therefore, conclude that sanctions are appropriate in this case. Appellants' counsel, shall file a brief within fifteen days of this decision, explaining why he (not the appellants) should not pay Bamberger's costs for this appeal. See Circuit Rule 38. During this same fifteen-day period, Bamberger should provide us with a statement of its costs and fees.
 
 
 17
 AFFIRMED WITH SANCTIONS.
 
 ORDER.
 
 18
 Sept. 28, 1992.
 
 
 19
 On June 4, 1992, this court affirmed the district court's denial of relief under Fed. R. Civ. P. 60(b). We also concluded that Mark Garringer, the appellants' attorney, was subject to sanctions under Fed. R. App. P. 38. Since our June 4 opinion, the appellants have submitted a petition for rehearing en banc, Garringer has filed a response to our sanctions decision, and the appellees have notified us of the costs and fees arising from this appeal. For the foregoing reasons, we deny the petition for rehearing en banc and award sanctions against Mr. Garringer.
 
 
 20
 In the motion opposing sanctions and in the petition for rehearing, Garringer and the appellants aruge that they raised a colorable claim to Rule 60(b) relief. They allege that Rule 60(b) allows the reopening of their case to consider a disciplinary violation by opposing counsel, even though the violation did not affect the final judgment. The appellants argue that we misunderstood their argument because we addressed whether the judge acted fraudulently by refusing to refer the violation to the proper authorities, when the appellants intended to argue that the attorney behaved fraudulently by committing the violation.[1] Finally, the appellants claim that we supported our decision to award sanctions with cases that postdated their appellate brief.[2]
 
 
 21
 None of these arguments changes our disposition in this appeal or our finding of frivolity. Garringer and his clients requested relief under Rule 60(b), a rule stating:
 
 
 22
 On motion and upon such terms as are just, the court may relieve a party of a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. . . .
 
 
 23
 As the statutory language provides, Rule 60(b) allows courts to vacate improperly entered judgments and final orders. See Kapco Mfg. Co., v. C & C Enterprises, Inc., 773 F.2d 151, 154 (7th Cir. 1985). It is not, as Garringer suggests, a way to reopen a case to consider issues arising from the case, but irrelevant to the final judgment. Simons v. Grosuch, 715 F.2d 1248, 1253 (7th Cir. 1983) (grounds for relief must be relevant to the issues upon which the case turned); Matter of Met-L-Wood Corp., 861 F.2d 1012, 1018 (7th Cir. 1988) (fraud only warrants vacation of a judgment when it has procured the judgment); Bulloch v. United States, 721 F.2d 713, 718 (7th Cir. 1983) (same). Because Garringer raises such irrelevant grounds as a basis for Rule 60(b) relief, his appeal is frivolous. See Id. ("a disciplinary violation calls for discipline, not nullification of judicial proceedings").
 
 
 24
 We therefore deny rehearing and award sanctions against Mark Garringer in the amount of $1000, payable by check to the clerk of the United States Court of Appeals, plus costs, payable to Garringer's clients. Garringer must pay the sanctions within thirty days of this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This was not the first time that Bamberger indicated that it would seek sanctions. Bamberger first addressed Rule 11 sanctions in its "Objection to Plaintiff's Motion to Dismiss," which was filed before the district court dismissed Anderson's case
 
 
 [2]
 Rule V reads:
 When misconduct or allegations of misconduct which, if substantiated, would warrant discipline on the part of an attorney admitted to practice before this Court shall come to the attention of a judge of this Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, the judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate.
 
 
 [1]
 The appellant's brief actually attacks both the attorney's and the judge's actions. Our order mentions each party's alleged impropriety
 
 
 [2]
 In making this argument, Garringer either mistakenly or intentionally provides an erroneous date for one of the cases. He cites White v. New Hampshire Depart. of Employment, 455 U.S. 445, as a 1992 decision, when the actual date of the opinion is 1982