

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2005

# Kuri v. Bergen

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kuri v. Bergen" (2005). *2005 Decisions.* Paper 1304.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1304

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

Nos. 04-2632 and 04-2633

—————

GRACE SUSAN KURI, individually;
GRACE SUSAN KURI, as Guardian
Ad Litem for O.F.., a minor

v.

BERGEN COUNTY; BERGEN COUNTY
PROSECUTOR'S OFFICE;
BOROUGH OF MAYWOOD;
ADRIAN CALES, individually;
JOSEPH SACCO, individually
JOHN DOES 1-20, individually

Adrian Cales,
Appellant Case No. 04-2632

—————

GRACE SUSAN KURI, individually;
GRACE SUSAN KURI, as Guardian
Ad Litem for O.F., a minor

v.

BERGEN COUNTY; BERGEN COUNTY
PROSECUTOR'S OFFICE;
BOROUGH OF MAYWOOD;
ADRIAN CALES, individually;
JOSEPH SACCO, individually;
JOHN DOES 1-20, individually

Borough of Maywood and Joseph Sacco,
Appellants Case No. 04-2633

—————

Appeals from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-03076)
District Judge:  Honorable Jose L. Linares

Argued March 9, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed: April 28, 2005)

John C. Whipple
Mary Gibbons Whipple    [ARGUED]
264 South Street
Morristown, NJ  07960
    *Counsel for Appellant Adrian Cales*

David L. Epstein    [ARGUED]
Post, Polak, Goodsell,
MacNeill & Strauchler
425 Eagle Rock Avenue, Suite 200
Roseland, NJ  07068
    *Counsel for Appellee Grace Susan Kuri*

Peter A.Scandariato
Eastwood, Scandariato & Steinberg
723 Kennedy Boulevard
North Bergen, NJ  07047
    *Counsel for Appellees Borough of Maywood and
    Joseph Sacco*

OPINION OF THE COURT

2

RENDELL, Circuit Judge.

Appellee O.F. brought suit under 42 U.S.C. § 1983 claiming that Appellants, Detective Sergeant Joseph Sacco and Sergeant Adrian Cales, violated his constitutional rights during their interrogation of him in the course of investigating a fire that destroyed a business. The District Court rejected Appellants' qualified immunity defense and granted partial summary judgment to Appellee on liability; the District Court did not assess damages. Appellants did not directly appeal the judgment as to either the rejection of qualified immunity or the grant of summary judgment to Appellee, but instead filed motions under Fed. R. Civ. P. 60(b)(6) for relief from the judgment based on a subsequent clarification of the applicable law. The District Court denied these motions on the merits and this appeal followed. Because we conclude that we lack jurisdiction, we will dismiss the appeals.

I.

Because we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to this appeal. As a thirteen-year-old juvenile, Appellee was questioned by Appellants in connection with the investigation of a fire that burnt down a store in Lodi, New Jersey. Appellee's mother was present in the building where the questioning was taking place, but Appellants convinced her to remain outside the interrogation room. Appellee was not advised of his Miranda rights prior to making his initial inculpatory statements. He was later asked to summarize his admissions in his

3

mother's presence, which he did, and only after reiterating his admissions were he and his mother given <u>Miranda</u> warnings. At Appellee's criminal trial, the Court did not suppress the confession and Appellee was adjudicated delinquent for acts which if committed by an adult would be, <u>inter alia</u>, third-degree arson. On appeal, after concluding that Appellee's <u>Miranda</u> rights were violated and the confession was not voluntary, the New Jersey Superior Court reversed the adjudication as to all charges, with the exception of an assault charge, and remanded. On remand, the charges were dismissed as there was not enough evidence to convict without the confession.

Subsequently, Appellee, along with his mother, brought the present § 1983 action. In an October 6, 2003 opinion and order, the District Court: (1) granted summary judgment to Appellants as to all claims brought by Appellee's mother because all such claims were time-barred; (2) rejected Appellants' qualified immunity defense and granted summary judgment to Appellee on liability regarding violations of Appellee's constitutional rights under the Fifth and Fourteenth Amendments and with respect to whether a false arrest occurred; and (3) granted summary judgment to Appellants on Appellee's claims of violations of substantive due process, the right to travel, First and Fourteenth Amendment companionship rights, <u>Monell</u> liability, malicious prosecution, and negligent supervision. The Court did not assess damages.

Appellants then filed D.N.J. Local Rule 7.1(g) motions for reconsideration of the ruling regarding the false arrest and Fed. R. Civ. P. 60(b)(6) motions for relief from the

Oct. 6, 2003 order in light of a clarification of law, namely, the issuance of Renda v. King, 347 F.3d 550 (3d Cir. 2003) (interpreting Chavez v. Martinez, 538 U.S. 760 (2003)), wherein we held that a plaintiff may not base a § 1983 action on failure to give Miranda warnings where no incriminating statements obtained were used against the plaintiff in a criminal trial. In a May 11, 2004 opinion and order, the District Court granted Appellants' motions for reconsideration of the false arrest ruling and Appellants' motions for summary judgment on the false arrest claim, but denied Appellants' Rule 60(b) motions. The present appeal of that order followed.

## II.

Our analysis of this matter begins with the premise that "where liability has been decided but the extent of damage remains undetermined, there is no final order [for purposes of appellate jurisdiction]." Sun Shipbuilding & Dry Dock Co. v. Benefits Rev. Bd., United States Dep't of Labor, 535 F.2d 758, 760 (3d Cir. 1976). Here, because the District Court has not assessed damages, we are not presented with an appeal from a "final decision" of the District Court and, consequently, we lack jurisdiction under the ordinary application of 28 U.S.C. § 1291.

This does not end our inquiry, however, because notwithstanding the absence of damages, under the collateral order doctrine, a decision of the District Court, though not final, may be immediately appealed if it falls in a "small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too

5

important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) (noting that "[t]he Court has long given this provision of [28 U.S.C. § 1291] this practical rather than a technical construction"). Indeed, the denial of qualified immunity is one such decision to which the collateral order doctrine applies. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). Furthermore, within the same proceeding, the denial of qualified immunity may be appealed at both the dismissal stage and, if unsuccessful, at the summary judgment stage, "[s]ince an unsuccessful appeal from a denial of dismissal cannot possibly render the later denial of a motion for summary judgment any less 'final.'" Behrens v. Pelletier, 516 U.S. 299, 307 (1996). Here, Appellants argue that to the extent their appeal relates to the District Court's rejection of their qualified immunity defense, we have appellate jurisdiction under the collateral order doctrine. We disagree.

One fundamental problem with this position is that Appellants did not timely appeal the District Court's rejection of their qualified immunity defense. The District Court denied qualified immunity, and granted partial summary judgment to Appellee, in its October 6, 2003 order. Appellants did not appeal that order, timely or otherwise.

6

Rather, they sought relief of the District Court's judgment by filing Rule 60(b) motions with the District Court.[1]

A second problem is that by its express terms, Rule 60(b) applies only to "final judgments, orders, or proceedings." Fed. R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . ") (emphasis added); see also Penn W. Assocs. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (quoting Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997)). Although it is not necessarily given that a "final judgment, order, or proceeding" under Rule 60(b) is the same as a "final decision" under 28 U.S.C. § 1291, "[a] moment's thought shows why Rule 60(b) must be limited to review of orders that are independently 'final decisions' under 28 U.S.C. § 1291. A party should not get immediate review of an order for discovery, or one denying summary judgment and setting the case for trial, just by filing a Rule 60(b) motion to set aside the order and then appealing the denial of this motion." Kapco Mfg. Co. v. C & O Enters., Inc., 773 F.2d 151, 154 (7th Cir. 1985). Furthermore, as the Seventh Circuit also pointed

_____

[1] Though not directly at issue, we note that the Rule 60(b) motions here did not toll the period for appealing the October 6 order. Under Fed. R. App. P. 4(a)(4)(A)(vi), "the time to file an appeal runs for all parties from the entry of the order disposing of . . . [a motion] for relief under [Fed. R. Civ. P.] 60 if the motion is filed no later than 10 days after the judgment is entered." See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 161 (3d Cir. 2004) (noting that 10-day rule of Fed. R. App. P. 4(a)(4)(A) provides the "limited circumstances under which an appeal from a Fed. R. Civ. P. 60(b) motion may address the underlying judgment"). Here, because neither Rule 60(b) motion was filed within 10 days of the judgment, the period for appealing the October 6 order was not tolled.

out in Kapco, "[t]he Advisory Committee's notes say that the Rule was devised to give the district court a power of revisitation it had lacked. A court always had the power to modify earlier orders in a pending case. Therefore 'final' in Rule 60(b) must modify 'order, or proceeding' as well as 'judgment.' Otherwise the Rule creates a power of modification redundant with the ordinary power to conduct pending proceedings and rethink earlier orders." Id. It stands to reason, then, that if an order granting partial summary judgment on liability but not assessing damages is not a final order for purposes of appellate jurisdiction, see Sun Shipbuilding, 535 F.2d at 760, and such a final order is required for a Rule 60(b) motion, see Kapco, 773 F.2d at 154, the District Court here should have dismissed Appellants' motions rather than deny them on the merits.

Given this analysis, the only theory that could save Appellants' appeal to this Court is to give the "final judgment, order, or proceeding" requirement of Rule 60(b) the same "practical rather than technical" construction the "final decision" requirement of 28 U.S.C. § 1291 is given under the collateral order doctrine to justify the District Court's denial of Appellants' Rule 60(b) motions on the merits. Despite the similar construction these finality requirements have been given in, for example, Kapco, such a theory is without precedent and, hence, we decline to adopt it here.

We choose this path because, as it turns out, our ultimate determination does not require it. Assuming arguendo that we were to read the finality requirement of Rule 60(b) as we do 28 U.S.C. § 1291 under the collateral order doctrine and thus find the District

8

Court's denial of the motions on the merits was procedurally proper, the appeal of the Court's denial of the motions would "raise[] for review only the order of denial itself and not the underlying judgment." Pagan v. Am. Airlines, Inc., 534 F.2d 990, 992-93 (1st Cir. 1976) (citations omitted). In other words, "Rule 60(b) cannot be used as a substitute for an appeal." Id. Consequently, because the rejection of qualified immunity here was the "underlying judgment," we would be without jurisdiction to review it, and our review would be confined to a determination of whether the denial of the motions itself was an abuse of discretion. See Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986). Because Appellants have not challenged the reasoning and alternative grounds the District Court provided in the denial of the motions, choosing, rather, to expend the sum of their efforts disputing the rejection of qualified immunity, the denial of the motions itself has not been appealed and, therefore, we would lack jurisdiction to review it.

As a final consideration, we note that insofar as Behrens held that a defendant may appeal the rejection of qualified immunity both at the dismissal and summary judgment stage, we find it inapplicable here as Appellants failed to file a timely appeal from either the rejection of qualified immunity or the summary judgment order and the Rule 60(b) motions did not operate to extend the appeal period. See supra note 1.

### III.

For the foregoing reasons, we will dismiss the appeals for lack of appellate jurisdiction.